SGAMBELLONE, Appellant,

v.

OHIO BUREAU OF MOTOR VEHICLES, Appellee.

[Cite as *Sgambellone v. Ohio Bur. of Motor Vehicles* (1993), 85 Ohio App.3d 62.]

Court of Appeals of Ohio,
Summit County.

No. 15668.

Decided Jan. 13, 1993.

*Timothy P. Assaf,* for appellant.

*Bruce Kelley*, Assistant Akron Prosecutor, for appellee.

---

REECE, Judge.

Defendant-appellant, James Sgambellone, appeals the decision of the Akron Municipal Court upholding the suspension of his driver's license for refusing to submit to a breathalyzer test in violation of R.C. 4511.191(D). We affirm.

On September 6, 1991, Sgambellone was arrested and charged with driving under the influence in violation of R.C. 4511.19(A)(1). Pursuant to R.C. 4511.-191(C), the arresting officer read and gave an implied consent form to Sgambellone. Sgambellone refused to submit to a breathalyzer test to determine his breath-alcohol content.

On October 9, 1991, the Ohio Bureau of Motor Vehicles notified Sgambellone of the suspension of his driver's license for failure to submit to a chemical test. On October 22, 1991, Sgambellone filed a petition, pursuant to R.C. 4511.191(F), contesting the suspension of his license.

This matter was referred to a referee. Counsel for both parties stipulated that the arresting officer had reasonable grounds to believe Sgambellone was driving under the influence, that Sgambellone was arrested and that the consent form was read to Sgambellone when he refused the breath test offered to him. The referee recommended denial of Sgambellone's petition and the trial court adopted the referee's report on March 10, 1992. Sgambellone appeals raising one assignment of error:

"The lower court erred in denying the appellant's petition of the appellee's proposed implied consent suspension (Ohio Revised Code Section 4511.191) as the appellant was not adequately advised of the consequences of his refusal to submit to a chemical test."

Sgambellone asserts that he was not adequately advised of the consequences of refusing to submit to a breath test pursuant to R.C. 4511.191(C). Specifically, he posits that the implied consent advice form failed to inform him of all the possible statutory consequences included in R.C. 4511.191.

The form read to Sgambellone advised him of a possible license suspension pursuant to R.C. 4511.191(D), the possible duration of that suspension, the potential for immediate license suspension and the procedure for his suspension to be terminated if he pleaded guilty or no contest for the incident that led to his suspension. There are numerous other statutory consequences of failure to submit to a chemical test: the person has the burden to demonstrate error on an appeal of his suspension, R.C. 4511.191(G)(2); a person cannot receive occupational driving privileges unless the suspension would seriously affect his employment,

R.C. 4511.191(G)(5) and (6); a person must pay court costs to request occupational driving privileges, R.C. 4511.191(G)(6); the court may grant any condition it considers reasonable on occupational driving privileges, R.C. 4511.191(G)(7)(a); a person cannot receive occupational driving privileges before a minimum amount of time, R.C. 4511.191(G)(7)(b); the court will notify the state of the person's residence if that person is not a resident of Ohio, R.C. 4511.191(H); a person cannot have his license reinstated until he has shown proof of insurance and paid a reinstatement fee, R.C. 4511.191(J); and a person who is disqualified from obtaining a commercial driver's license cannot be issued an operator's license during the suspension, R.C. 4511.191(L). Following Sgambellone's argument would require including all these statutory consequences on the implied consent form. Requiring an arresting officer to read to a driver each and every consequence of refusing to submit to a chemical test would divert the driver's attention from the consequence the legislature considered most severe, suspension of his driver's license.

In enacting R.C. 4511.191, the legislature wished to encourage individuals arrested for driving under the influence to submit to a chemical test rather than lose their license. While R.C. 4511.191(C) states that a person shall be warned of the "consequences" of a refusal to submit to a chemical test, R.C. 4511.193(A)(1) specifically requires only that a driver be advised of the consequences of R.C. 4511.191(D), suspension of his driver's license. We find this is an indication that the focus of the implied consent form is the license suspension under R.C. 4511.191(D) and the form read to Sgambellone adequately warned him of this potential consequence of his refusal to submit to a chemical test.

Further, the consequence of which Sgambellone complains is one for which he was warned. Assuming *arguendo* that further warnings should have been read to Sgambellone, failure to do so would not preclude imposing as penalties the consequences of which he was advised. *Foster v. State* (Dec. 4, 1975), Franklin App. No. 75AP–30, unreported. As Sgambellone was advised of the suspension of his license, that penalty can be imposed. Because the arresting officer read the advice form prescribed by the Registrar of Motor Vehicles to Sgambellone, the trial court correctly upheld the suspension of his license. *Id.; Hoban v. Rice* (1971), 25 Ohio St.2d 111, 118, 54 O.O.2d 254, 258, 267 N.E.2d 311, 316.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and CACIOPPO, J., concur.